PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO LORENZANO, Defendant and Appellant.

No. 6742. Argued December 15, 1937.—Decided March 29, 1938.

*Francis, Cruz Horta* and *Torres* for appellant. *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

On the 13th of September, 1934, informations were filed against Pedro Lorenzano for assault with intent to commit murder, and for carrying prohibited weapons, both committed on the 30th or 31st of July, 1934, in the Municipality of

San Juan. In the felony case before us a jury was impanelled and sworn in and the witnesses for the prosecution and the defense were likewise sworn. On the second of October, 1935, when opening the session, the court, because of the illness of the prosecuting attorney, dismissed the jury. The other information was submitted on the evidence practiced in the felony case before us. The following appears from the record in this case:

"The People of Puerto Rico v. Pedro Lorenzano, criminal Case No. 2307. Attempt to commit murder.

"This case having been called for trial the defendant appeared in person and accompanied by his attorneys Messrs. Eduardo Urrutia and Alfonso Lastra, and in representation of 'The People', District Attorney Domingo Massari, all of them expressing their readiness to enter into trial. The defendant, through his attorney, filed a demurrer to the information alleging former jeopardy for the same offense and after the presentation of evidence by both parties on this matter, the court overruled it.

"The defendant also presented a motion for the filing away of the case on the ground that more than 120 days had elapsed since the filing of the information. The court overrules such a motion on the ground that it has come too late."

Both motions were denied and the trial was held. The jury brought in a verdict of guilty, the court imposed sentence and defendant appealed.

Appellant alleges four errors in the district court, which, in substance, are as follows:

1. The Court erred in denying the motion to dismiss for lack of prosecution within the statutory 120 days on the ground that said motion was tardy.

2. The Court erred in denying the motion to dismiss based on double jeopardy.

3. The Court erred in allowing the Prosecuting Attorney to re-examine his witness Norberto Arroyo, after said witness had concluded his direct testimony, over the objection of the defendant.

4. The verdict of the jury declaring the defendant guilty is against the evidence.

■ The first error alleged by appellant has no basis since in a case exactly in point, *The People* v. *Emeterio Ortiz,* 46 P.R.R. 1, this Court held as follows:

"A motion to file away a case under paragraph 2 of Section 448 of the Code of Criminal Procedure, presented at the moment of the trial, comes too late."

See also *People* v. *Paris,* 25 P.R.R. 103.

■■ With respect to the averment of second jeopardy, the only thing that appears from the minutes of the court is that the defendant presented a so-called demurrer alleging former jeopardy, that evidence was presented by both sides and that the court overruled the said demurrer. Except as suggested by the demurrer, the facts on which appellant bases his plea of former jeopardy appear nowhere in the record.

With this deficient record before us we are unable to pass upon the sufficiency of the plea of second jeopardy. Such a plea is largely a matter of evidence. The court may have been perfectly satisfied that the illness of the district attorney was a serious one and that no other attorney was able to stand in his stead. We have to presume that the court complied with the law. Technically, moreover, a plea was necessary, if the facts of former jeopardy did not appear from the record. The demurrer was insufficient.

■ Appellant's third error based on the re-examination of a witness, has no merit. The district attorney called a witness for re-examination, the court allowed the re-examination basing its ruling on Section 157 of the Law of Evidence, the defense took exception to said ruling and now cites it as error. Section 157 of the Law of Evidence reads as follows:

"A witness once examined can not be reexamined as to the same matter without leave of the court, but he may be reexamined as to any new matter upon which he has been examined by the adverse

party. And after the examination on both sides are once concluded, the witness can not be recalled without leave of the court. Leave is granted or withheld, in the exercise of a sound discretion."

It is therefore clear that the court has discretion to allow the reexamination of a witness, and error can not be alleged unless the court oversteps its discretion.

Appellant alleges as his fourth error that the verdict of the jury was contrary to the evidence. It is true that there was a certain amount of contradictory evidence among the witnesses of the government; but at the same time there was an abundance of evidence to support the verdict. The appellant does not convince us that the jury ought to have had a reasonable doubt.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.